UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

FRANCISCO JEANTY,

Petitioner,

v.

MARKWAYNE MULLIN, in his official capacity as Secretary of Homeland Security; JEREMY CASEY, in his official capacity as Warden of the Imperial Regional Detention Center; GREGORY J. ARCHAMBEAULT, in his official capacity as San Diego Field Office Director, ICE Enforcement Removal Operations; TODD LYONS, in his official capacity as Acting Director of ICE; TODD BLANCHE, U.S. Attorney General; IMMIGRATION AND CUSTOMS ENFORCEMENT; DEPARTMENT OF HOMELAND SECURITY,

Respondents.

Case No.: 3:26-cv-06498-LEK-SBC

**ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR WRIT OF HABEAS CORPUS**

Before this Court is Petitioner Francisco Jeanty's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition"), filed on November 16, 2026. [Dkt. no. 1.] The respondents, identified in the Petition as Markwayne Mullin, in his official capacity as Secretary of Homeland Security; Jeremy Casey, in his official capacity as Warden of the Imperial Regional Detention Center; Gregory J. Archambeault, in his official capacity as San Diego Field Office Director, Immigration and Customs Enforcement ("ICE") Enforcement Removal Operations; Todd Lyons, in his official capacity as Acting

Director of ICE; Todd Blanche, U.S. Attorney General; ICE; and Department of Homeland Security ("DHS" and collectively "Respondents"), filed a response to the Petition ("Response") on November 24, 2026. [Dkt. no. 5.] While this Court acknowledges that the time to file an optional reply has not yet passed, upon review of the Petition and the Response, this Court finds that additional argument is not necessary.

**BACKGROUND**

Petitioner, a citizen of Haiti, entered the United States on August 11, 2023. See Petition at ¶ 20; see also Response, Exh. 1 (DHS Record of Deportable/Inadmissible Alien, Form I-213, dated 11/3/26 ("Form I-213")) at 1. Petitioner was admitted until August 19, 2026 and had parole status through June 12, 2025. See Petition at ¶ 20; id., Exh. 1 (screenshot of U.S. Customs and Border Protection website, with information regarding Petitioner's most recent Form I-94); Response, Exh. 1 (Form I-213) at 3. Removal proceedings were initiated against Petitioner in 2023. See Petition at ¶ 5. Also in 2023, Petitioner's application for employment authorization was approved. See id., Exh. 2 (U.S. Citizenship and Immigration Services Notice of Action, Approval Notice, dated 9/7/23).

Petitioner is married to a United States citizen, and Petitioner's spouse filed an I-130 petition for him. See id. at ¶ 3; see also id., Exh. 3 (receipt notice, dated 3/30/26, for I130 - Petition for Alien Relative, listing Petitioner as the beneficiary). Petitioner states that the I-130 petition was granted, and he and his spouse were "on the verge of filing an I-485 application to adjust status when Petitioner was arbitrarily and suddenly detained." [Petition at ¶ 3.]

On November 2, 2026, Petitioner was detained by ICE as he was leaving his home in New York to go to the gym. See id. at ¶ 4. Petitioner states that he was not provided with a pre-detention hearing to determine whether incarceration was justified. See id. at ¶ 7. At the time of Petitioner's detention by ICE, his removal proceedings were still pending. See id. at ¶ 65. Petitioner has been detained by DHS since November 2,

2026. [Id. at ¶ 7.] As of the filing of the Petition, he was being held at the Imperial Regional Detention Center in Calexico, California. See id. at ¶ 2.

Petitioner's primary argument is that his detention violates his due process rights. [Id. at pgs. 10-11, 16.] Petitioner also argues that Respondents' decision to detain him violated the Administrative Procedure Act ("APA"), Title 5 United States Code Section 706(2)(A), [id. at pgs. 11-13,] as well as the Fourth Amendment, [id. at pgs. 13-16]. Petitioner alleges he is entitled to, *inter alia*, immediate release. See id. at pg. 17.

Respondents assert "that Petitioner is lawfully detained under [8 U.S.C.] § 1225(b)(2)." [Response at 2.] They also assert that Rodriguez Vazquez v. Bostock, 183 F.4th 1160 (9th Cir. 2026), does not apply to Petitioner. See id. Nevertheless, Respondents "acknowledge[] that Courts in this District have repeatedly rejected the government's positions in previous cases that are not materially distinguishable from the present petition." [Id. at 2-3.] Accordingly, Respondents "do[] not oppose the petition and defer[] to the Court on the appropriate relief." [Id. at 3.]

## DISCUSSION

This Court assumes, without deciding, that the mandatory detention procedures of Section 1225(b)(2) govern Petitioner's detention. While Respondents assert that this Court should decline to address Petitioner's due process, Fourth Amendment, and APA arguments, see id. at 3 n.2, they do not assert that this Court should deny Petitioner's request for immediate release. This Court construes Respondents' non-opposition to Petitioner's request for immediate release as a concession that Petitioner's detention violates his due process rights.

In Noori v. LaRose, 807 F. Supp. 3d 1146 (S.D. Cal. 2025), this district court ruled that the respondents violated the petitioner's Fifth Amendment due process rights when the respondents revoked the petitioner's parole by sending a mass, generic notification one morning and arresting the petitioner later that day at his immigration hearing. Id. at 1155, 1166. This district court concluded that the petitioner had "a

protectable expectation of his due process rights in his removal proceedings and the fair procedures this country guarantees. . . . Particularly, he was entitled to both notification of revocation and the reasoning for revocation, if not also an opportunity to be heard and contest the determination." Id. at 1165. The district court ordered the petitioner's immediate release. Id. at 1154.[1]

In the instant action, Petitioner received even less due process than the petitioner in Noori. Petitioner received no notification or individualized reason as to why his parole was being revoked before he was summarily detained on November 2, 2026. See Petition at ¶ 4. Nor have Respondents explained, even after they filed the Response, what circumstances have changed to warrant Petitioner's detention.[2] Providing Petitioner

---

[1] The district court had previously issued a truncated order ordering the petitioner's immediate release. See Noori, 807 F. Supp. 3d at 1154. The 807 F. Supp. 3d 1146 order was issued to "provide[] a fuller legal analysis and legal basis for the September 26, 2025 Order." Id.

[2] Respondents appear to suggest, without expressly arguing, that the expiration of Petitioner's parole reverts the authority for his detention to Section 1225(b)(2). See Response at 2 n.1 (citing 8 U.S.C. § 1182(d)(5)(A); Matter of Q. Li, 29 I. & N. Dec. 66, 69-70 (BIA 2025)). Even if Respondents had expressly advanced this argument, "many courts in the Ninth Circuit [Court of Appeals] have held that the expiration of parole does not extinguish a petitioner's entitlement to due process." See Aliyev v. LaRose, Case No.: 3:26-cv-01119-CAB-JLB, 2026 WL 699818, at *2 (S.D. Cal. Mar. 12, 2026) (citing cases). In other words, a petitioner's private interest does not expire along with his or her parole agreement. See, e.g., Nayem v. LaRose, Case No.: 26-cv-777-RSH-DEB, 2026 WL 915023, at *3 (S.D. Cal. Apr. 3, 2026); Tunaca-Galindo v. Att'y Gen. of United States, Case No.: 26cv2226-LL-BJW, 2026 WL 1229587, at *2 (S.D. Cal. May 5, 2026); see also Omer G.G. v. Kaiser, 815 F. Supp. 3d 1098, 1109 (E.D. Cal. 2025) (stating the "petitioner's liberty interest did not expire along with his parole"). The expiration of one's parole "does not somehow obviate the need for the government to provide an individualized hearing prior to detaining the parolee." L.M. v. Noem, Case No. 2:25-cv-02194-RFB-BNW, 2026 WL 103231, at *13 (D. Nev. Jan. 14, 2026) (citing Ramirez Tesara v. Wamsley, 800 F. Supp. 3d 1130, 1136 (W.D. Wash. 2025)).

a bond hearing would not remedy the Fifth Amendment violation he has already experienced. Only release from detention can accomplish that now.[3]

Petitioner has also requested that this Court award him attorney's fees and costs. See id. at pg. 17. This Court will consider an application requesting reasonable attorney's fees and costs that is filed within thirty days of the entry of judgment. This Court, therefore, denies Petitioner's request for attorney's fees and costs without prejudice.

## CONCLUSION

For the foregoing reasons, Petitioner Francisco Jeanty's Petition for Writ of Habeas Corpus, filed November 16, 2026, is GRANTED IN PART AND DENIED IN PART. The Petition is GRANTED insofar as Respondents are ORDERED to present Petitioner with the following options for his release: 1) immediate release in this District, **no later than twenty-four hours from the filing of this Order**; or 2) release in the district where his home in New York is located by **December 2, 2026**. Further, Respondents are ORDERED to release Petitioner under the same conditions that existed immediately prior to Petitioner's detention on November 2, 2026.

Respondents are ENJOINED AND RESTRAINED from re-detaining Petitioner unless Respondents demonstrate, by clear and convincing evidence at a pre-deprivation hearing before a neutral decisionmaker, that Petitioner presents a flight risk or danger to the community such that his physical custody is legally justified. The Petition is DENIED WITHOUT PREJUDICE as to Petitioner's request for attorney's fees and costs.

---

[3] In light of this Court's determination that Petitioner is entitled to immediate release, this Court need not address Petitioner's APA claim or his Fourth Amendment claims. See Petition at pgs. 11-16.

The Clerk's Office is DIRECTED to enter judgment and close this case on **December 9, 2026**, unless Petitioner files a notice informing this Court that Respondents failed to comply with this Order.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, November 25, 2026.

/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
Senior U.S. District Judge

**<u>FRANCISCO JEANTY VS. MARKWAYNE MULLIN ET AL.</u>; CASE NO. 3:26-CV-06498-LEK-SBC; ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR WRIT OF HABEAS CORPUS**